State ex rel. Whitesides et als. vs. Judge.

## No. 12,054.

STATE OF LOUISIANA EX REL. JAMES WHITESIDES ET ALS. VS. JUDGE OF THE TWENTY-FIRST JUDICIAL DISTRICT.

The question arising in regard to the allleged violation of a prior bond in another criminal case can more properly be determined in a separate suit, after the District Judge will have passed upon the issue.

APPLICATION for Writs of *Habeas Corpus, Certiorari, Mandamus* and Prohibition.

*Thomas F. Maher* for Relators.

*A. E. Billings* for Respondents.

Argued and submitted January 21, 1896.
Opinion handed down January 22, 1896.

The opinion of the court was delivered by

BREAUX, J.    The facts in this case are similar in every respect to those in case just decided, numbered 12,055, *ante*, p. 92; except that in the case now before us for our examination and decision the judge of the District Court in his return stated that he refused to release James Whitesides, one of the number against whom affidavits were made, for the additional reason that the relator, Whitesides, stands indicted before his court for arson, a capital offence; that his case could not be tried at the last term of his court and was continued to its next jury term; that he admitted the relator to bail for his appearance for trial at the next term.    A condition of the bond was that he should keep the peace of the State in the meantime; that being satisfied that relator has committed a breach of the peace and broken the condition of the bond, he refused him bail until he could be further advised, and that after due consideration he may consider it his duty to revoke the order admitting him to bail upon the charge of arson and remand him to the custody of the sheriff on that charge.

Our conclusion in this case is the same as in the case just decided as relates to the charge of assault and battery.

The additional reasons are excepted and are not considered by

us. It is a separate and independent issue with which we do not deal in this case. We desire to respect the expressed intention of the judge to give further consideration to the additional question he states.

It is therefore ordered, adjudged and decreed, in so far as relates to the charge of assault and battery, the writ of *habeas corpus* applied for be made peremptory, and that the respondent judge release the prisoners on bonds with sufficient securities in such sum as he may fix, conditioned for their appearance before competent authority to answer to the charge preferred against them.

MR. JUSTICE MILLER concurs in this decree.